8 + 7(8)



# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
PRICE DANIEL
XXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Gilbert Denman
State Board for Vocational Education
Capitol Station
Austin, Texas

Dear Sir:

Opinion No. O-5853
Re: Does the State Board of
Education have the author-
ity to advertise and sell
the Arroyo Colorado Naviga-
tion District Refunding
Bonds to the highest bidder
at not less than par and
accrued interest and thus
obtain any premium that
might be paid for specula-
tive bonds under present
favorable market conditions?
And related questions.

We are in receipt of your letter of recent date reading
as follows:

"The State Permanent School Fund owns $413,000.00
Arroyo Colorado Navigation District Ref. Bonds dated
4-1-40, which mature over a period of about 24 years
from the present time, the average maturity being 14.35
years. These Bonds pay $5\frac{1}{2}$ per cent interest per annum.
The Bonds are not payable before maturity.

"The District has made application to the State
Board of Education for permission to pay the Bonds by
paying principal and accrued interest to date of pay-
ment. In the application the District states that the
Federal Government has decided to deepen the Arroyo from
Harlingen to the Bay at Federal expense so that the Ar-
royo will be navigable, but the Government requires the
District to furnish necessary rights-of-way and other
facilities, requiring the District to riase an additional
three hundred thousand dollars. It is represented to the
Board that the District canborrow enough money to pay off
the Bonds held by the School Fund and to pay for the ad-
ditional expenses of rights-of-way, etc. at approximately

3½ per cent, perhaps a lower rate on early maturities. The present Bonds have been in good standing since they were issued. However, the original Bonds were in default for several years.

"Assuming for the purposes of the following questions that after an investigation and due consideration the State Board of Education reaches the conclusion that the Arroyo Colorado Navigation District Bonds are too speculative to be safely owned by the School Fund, but that, nevertheless, they probably have a present market value considerably in excess of par and accrued interest, in view of the very favorable market existing at this time, then:

"1. Does the Board have authority to advertise and sell these Bonds to the highest bidder at not less than par and accrued interest and thus obtain any premium that might be paid for speculative Bonds under present favorable market conditions?

2. Does the Board have authority to accept payment of these Bonds before maturity?

3. Does the Board have authority to accept payment of the Bonds and receive a voluntary payment of a premium or penalty for the privilege of prepayment, the amount of the premium to be agreed to by the Board and the District?

"We would greatly appreciate answers to the foregoing questions in time for our next Board meeting which is July 3.

I am enclosing a copy of the application made by the District to the Board * * *"

The only authority granted to the State Board of Education to release unmatured bonds is found in Article 2787a, Vernon's Annotated Civil Statutes, which article reads as follows:

"The State Board of Education may authorize the trustees of any common school district or of any independent school district of this State to pay off and dis-

charge, at any interest paying date whethr the bonds
are matured or not, all or any part of any bonded in-
debtedness now owned or hereafter to be owned by the
State Permanent School Fund, outstanding against any
common school district, or any independent school dis-
trict in this State.

"It shall be the duty of the school turstees of
any common school district, or any independent school
district of this State desiring to pay off and discharge
any bonded indebtedness now owned or hereafter
to be owned by the Permanent School Fund of this State,
outstanding against such district or districts, before
maturity thereof, to make direct application in writing
to the State Board of Education at least thirty days
before any interest paying date on said bonds, making
known to said State Board of Education the desire of
said trustees to pay off and discharge said bonded in-
debtedness, or any part thereof, describing said bonds
or the part thereof that the trustees desire to pay off
and discharge; and it shall be the duty of the State
Board of Education upon receipt of such application to
act thereon in such manner as they deem best and notify
the applicant or applicants whether application is re-
fused or granted in whole or in part; provided, that
only such tax money as has been collected by virtue of
tax levies made for the specific purpose of providing a
sinking fund and paying interest on the particular bonds
to be redeemed shall be expended in the redemption, taking
up, or paying off of such bonds as provided in this Act;
unless said bonds are being redeemed for the purpose of
being refunded; and the application of the board of trus-
tees of any common or independent school district desir--
ing to retire bonds as herein providied shall include an
affidavit to that effect in their application; and pro-
vided further, that it shall be unlawful for any person
upon whom any duty rests in carrying out the provisions
of this law to give or receive any commission, premium,
or any compensation whatever for the performance of such
duty or duties.

"The provisions of this Act shall apply also to the
governing board of all cities, counties and political sub-
divisions in this State whose bonds are owned and may here-
after be owned by the Permanent School Fund of the State."

It will be observed that the application for permission to pay unmatured bonds must come from the governing board of the political subdivision seeking to pay said bonds. No authority is granted to the Board of Education to advertise for bids, nor to sell bonds in any other manner than that set out in Article 2787,a, supra. Upon receipt of the application from the governing board to pay off and discharge bonds, "it shall be the duty of the State Board of Education * * * to act thereon in such manner as they deem best and notify the applicants whether the application is refused or granted in whole or in part." Your question No. 1 is answered in the negative.

In answer to your question No. 2, you are advised that the State Board of Education may permit the prepayment of the bonds in question at such times and upon such conditions as are authorized by the provisions of Article 2787a, above quoted.

In answer to your question No. 3, the Court of Civil Appeals held in the case of State v. Hatcher, 52 S.W. (2d) 794, (Reversed by the Supreme Court on other grounds, 81 S.W. (2d) 499) that the State Board of Education could require a bonus of sixty days' interest. The court in construing the law said: "We are unable to construe it as inhibiting the requirement of a bonus to be paid to the permanent school fund for a privilege which the board of education was given the discretion to allow or deny. Such discretion, we think, should admit of reasonable conditions imposed by the board of education as a means of preventing loss to the permanent school fund by reason of delay in reinvesting its funds. A bonus of sixty days interest certainly could not be held unreasonable."

You are therefore advised that the State Board of Education may condition the prepayment of the bonds in question under Article 2787a upon prepayment by the district of such an amount of interest, as a bonus, as it may fix and determine.

Yours very truly

By /s/ C. F. GIBSON
C. F. Gibson
Assistant

CFG:EP;mds - 2/21/52

APPROVED JUN 27, 1944
/s/ X. F. BLACKBURN
(ACTING) ATTORNEY GENERAL OF TEXAS
APPROVED OPINION COMMITTEE
BY B.W.B. Chairman